April Upchurch Fredrickson, OSB #132027
april.fredrickson@jacksonlewis.com
Daniel J. Moses, OSB #151935
daniel.moses@jacksonlewis.com
Jackson Lewis P.C.
200 SW Market Street, Suite 540
Portland, Oregon 97201
Telephone: (503) 229-0404
Facsimile: (503) 229-0405
    Of Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JUDITH POTTER, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>INTERNATIONAL BUSINESS MACHINE CORPORATION (dba IBM, INC.), a New York Corporation; SETERUS, INC., (fka KYANITE FINANCIAL BUSINESS SERVICES, INC.), a Delaware Corporation, and MICHAEL PERRY, an individual, SHANNON STOCK, an individual, and AMANDA LOWE, an individual,<br><br>    Defendants. | Case No.: 3:17-CV-01409-AC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND** |

## I. INTRODUCTION

Plaintiff Judith Potter ("Ms. Potter" or "Plaintiff") joined Amanda Lowe as an individual Defendant in this litigation to defeat diversity jurisdiction. Ms. Lowe, the Vice President of Operational Controls, did not supervise, manage, or have any authority over Plaintiff. Ms. Lowe was simply present in the Beaverton office where Plaintiff worked. Plaintiff's actual manager, Shannon Stock, resides in North Carolina. As described in detail below, Plaintiff cannot state a claim against Ms. Lowe for aiding and abetting discrimination or retaliation simply because Ms. Lowe is a manager. Further, Plaintiff's claim that Ms. Lowe's alleged "lack of leadership" allowed wage and hour abuses to continue in the workplace does not state a viable claims under ORS 659A.030(1)(g). Accordingly, there is no possibility that Plaintiff can state an actionable claim against Ms. Lowe and Ms. Lowe was fraudulently joined.

## II. STATEMENT OF FACTS

Defendant Seterus, Inc.[1] is a fully integrated mortgage loan servicing company with its principal place of business in Ohio. *See Declaration of Amanda Lowe in Support of Defendants' Response to Motion to Remand ("Lowe Decl.")* at ¶ 4. As a mortgage loan services, Seterus facilitates the day to day tasks necessary to service mortgage loans held by various financial institutions. For example, some of the services performed by Seterus include: collecting mortgage payments from borrowers, calculating and applying interest for variable rate loans, and paying taxes and insurance from borrower escrow accounts. *Id.* at ¶ 5. Seterus also works with homeowners suffering financial hardship to identify assistance options (such as loan modification,

---

[1] Seterus, Inc. is wholly owned by Defendant International Business Machine Corporation ("IBM").

for example) and will manage loans during a foreclosure or bankruptcy. Seterus services loans in all fifty states. *Id.* at ¶ 5.

Seterus operates a loan servicing center in Beaverton, Oregon. *Id.* at ¶ 4. In December 2015, Plaintiff was assigned to work at the Beaverton location as a Bankruptcy Asset Specialist. *See Am. Compl.* at ¶ 9. Plaintiff reported to the bankruptcy team lead, Maggie Parrish and/or Megan Snyder. *Id.* at ¶ 6. Ms. Parrish and Ms. Snyder, in turn, reported up to Shannon Stock, Assistant Vice President of Bankruptcy. *Id.* Ms. Stock reported up to Michael Perry, Vice President of Default Management. *Id.*

IBM hired Plaintiff directly in October 2016 as part of its Long Term Supplemental ("LTS") program. *Declaration of Sheri Terbenche in Support of Defendants' Opposition to Motion to Remand ("Terbenche Decl.")* at ¶ 5, Ex. 1. Plaintiff kept the same job (Bankruptcy Asset Specialist), and performed the same job duties, but was employed directly by IBM and eligible for certain IBM benefits. *Id.* LTS employees are hired to supplement IBM's regular workforce based on business needs. *Id.*

Sometime in October of 2016, Ms. Potter approached Ms. Lowe with a complaint about Ms. Stock. *Lowe Decl.* at ¶ 9. Although Ms. Lowe is the Assistant Vice President of Operational Controls and in a different business group, Ms. Lowe worked in the Beaverton office and would occasionally field complaints from Beaverton employees. *Id.* at ¶ 8. Because Ms. Lowe did not supervise, manage, or have any authority over Ms. Potter, she escalated the complaint to Mike Mason, the HR Partner for Seterus, and to Mike Perry, the Vice President of Default Management. Mr. Perry supervised Ms. Stock. *Id.* at ¶ 9.

Ms. Potter's complaint pertained to the assignment and distribution of work within the bankruptcy team. *Id.* According to Ms. Potter, Ms. Stock sent out multiple spreadsheets a day with numerous "high priority" assignments making it difficult to prioritize work and complete tasks. *Id.* After escalating Ms. Potter's complaint to Mr. Mason and Mr. Perry, Ms. Lowe concluded that no further action was required on her part. *Id.* In fact, Ms. Lowe did not have any management authority over Ms. Potter and did not possess the ability to take any further action regarding Ms. Potter's complaint. *Id.* Further, Mr. Mason and Mr. Perry both met with Ms. Potter to discuss her concerns and IBM's Department of Concerns and Appeals conducted its own independent investigation. *Id.*

Ms. Potter continued to work in the Beaverton office until June 2017. *Lowe Decl.* at ¶ 12. In May of 2017, the majority of IBM's LTS and/or contract employees working at Seterus were released from duty. Six of the 32 employees were temporarily retained, including Ms. Potter, based on business need. Ms. Potter was eventually let go on June 7, 2017. *Id.* Ms. Lowe did not participate in IBM's decision to release LTS or contract employees nor did she provide input regarding Ms. Potter. *Id.* The only other interactions between Ms. Lowe and Ms. Potter occurred when Assistant Vice President approval and/or a signature was needed on a document. *Lowe Decl.* at ¶ 13. Ms. Lowe's authority in such circumstances was administrative in nature as opposed to managerial. *Id.* Ms. Lowe had no management authority over Ms. Potter at any time during Ms. Potter's employment. *Id.* at ¶ 7.

On June 15, 2017, Ms. Potter filed a Complaint against IBM, Inc., Seterus, Inc., Michael Perry, and Shannon Stock asserting claims for violation of ORS 653.025 (minimum wage), ORS 652.140 (failing to pay wages upon termination), ORS 652.610 (failing to provide itemized

statement of wages), Breach of contract, ORS 659A.199 (whistleblower retaliation), and ORS 659A.030(1)(g) (aiding and abetting discrimination or retaliation against individual Defendants Stock and Perry).  On July 28, 2017, Plaintiff filed an Amended Complaint adding Ms. Lowe as a Defendant and asserting a claim under ORS 659A.030(1)(g) against Ms. Lowe despite Ms. Lowe's limited involvement with and authority over Plaintiff.  *See Am. Compl.*, Docket No. 1-1.

Defendants removed this case to federal court on September 8, 2017, based on diversity given that Ms. Lowe was fraudulently joined.  Plaintiff's Motion to Remand followed.

### III. LEGAL ARGUMENT

#### A. Standard of Review in Motion for Remand

A civil action may be removed from state court to federal court if the federal district court would have had original, subject matter jurisdiction over the case.  28 USC § 1441(a).  Subject matter may be based on either federal question jurisdiction or diversity jurisdiction.  28 USC §§ 1331, 1332. Diversity jurisdiction exists when the amount in controversy exceeds $75,000 and there is complete diversity among all plaintiffs and defendants.  28 USC §1332(a)(1).

When a non-diverse defendant has been fraudulently joined for the purpose of defeating diversity jurisdiction, that defendant's presence may be ignored. *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir 2002); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir 2001). A non-diverse defendant is deemed fraudulently joined "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris*, 236 F.3d at 1067.

When a party asserts fraudulent joinder, a court may consider the plaintiff's pleadings and may also conduct a "summary inquiry" that goes beyond the pleadings. *Allen v. Boeing Co.,* 784 F.3d 625, 634 (9th Cir. 2015). Such an inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* quoting *Hunter v. Phillip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009).

### B. Plaintiff Cannot Establish An Aiding and Abetting Claim for a Wage and Hour Violation

Plaintiff alleges that Defendants[2] required her to work ten hours per day without overtime. *See Plaintiff's Motion for Remand* at p. 2-3 ("*Mtn.*"); *Am. Compl.* at ¶ 7. Plaintiff does not allege that Ms. Lowe directed her to work ten hours per day, but notes that Ms. Lowe was in a management position, was aware of the work conditions, and was assigned to cover the management duties of Ms. Stock when she was out of the office. *Mtn* at p. 3. Plaintiff further alleges that a lack of response and leadership on the part of Ms. Lowe allowed the wage and hour abuses to continue. Thus, based on a plain reading of Plaintiff's Amended Complaint and Motion to Remand, Plaintiff seeks to hold Ms. Lowe liable for aiding the violation of wage and hour laws.

Plaintiff has failed to state a claim against Ms. Lowe under ORS 659A.030(1)(g) and that failure is obvious based on the plain language of ORS 659A.030(1)(g) and the Court's decision in *Grosz v. Farmer's Ins Exch.,* 2010 U.S. Dist. LEXIS 137748 (D. Or. Nov. 9, 2010) *adopted by, Motion granted by, in part, Motion denied by, in part, Grosz v. Farmers Ins. Exch.,* 2011 U.S.

---

[2] Plaintiff does not allege that Ms. Lowe specifically required her to work ten hours per day or that Ms. Lowe took any specific act that caused her to work ten hours per day.

Dist. LEXIS 13453 (D. Or. Feb. 10, 2011). Oregon's aiding and abetting statute, ORS 659A.030(1)(g), extends liability to any person who aids or abets a violation of ORS Chapter 659A. Specifically, the statute provides, "It is an unlawful employment practices: . . . (g) For any person, whether an employer or an employee, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden *under this chapter* or to attempt to do so." See ORS 659A.030(1) (emphasis added). Based on the plain language of the statute, Ms. Potter must show that Ms. Potter aided or abetted a violation of ORS 659A—not that she aided and abetted some other unlawful conduct.

In *Grosz v. Farmer's Ins Exch.,* 2010 U.S. Dist. LEXIS 137748 (D. Or. Nov. 9, 2010) *adopted by, Motion granted by, in part, Motion denied by, in part, Grosz v. Farmers Ins. Exch.,* 2011 U.S. Dist. LEXIS 13453 (D. Or. Feb. 10, 2011), the Court held that Oregon's aiding and abetting statute does not apply to wage claims under ORS 652 or ORS 653, but only to claims under ORS 659A. *See also White v. Amedisys Holding, LLC,* 2012 U.S. Dist. LEXIS 185837 (D. Or. 2012) (noting that aiding and abetting statute only applies to certain unlawful employment practices in ORS 659A and rejecting plaintiff's attempt to hold supervisor liable for aiding and abetting Medicare fraud).

Thus, Plaintiff cannot, as a matter of law, assert that Ms. Lowe aided or abetted the first claim for relief under ORS 653.025 (minimum wage), the second claim for relief under ORS 652.140 (failing to pay wages upon termination), the third claim for relief under ORS 652.610 (failing to provide itemized statement of wages), or the fourth claim for relief for breach of contract. For this reason, Plaintiff has failed to state a cause of action against Ms. Lowe, Ms. Lowe was fraudulently joined, and removal to federal court was appropriate.

**C.     Plaintiff Cannot Sustain an Aiding and Abetting Claim against Ms. Lowe for a Violation of ORS 659A.199**

Plaintiff has also failed to state an aiding and abetting claim against Ms. Lowe for any violation of ORS Chapter 659A.  Plaintiff pleads only one claim under ORS Chapter 659A—a claim for whistleblower discrimination under ORS 659A.199.  ORS 659A.199 prohibits an employer from discharging, demoting, suspending, or in any manner discriminating or retaliating against an employee with regard to promotion, compensation, or other terms, conditions or privileges of employment because the employee reported a violation of a state or federal law, rule, or regulation. *See* ORS 659A.199.  Further, to establish a claim under ORS 659A.199, Plaintiff must show she "(1) engaged in a protected activity; (2) suffered an adverse employment decision; and (3) there was a causal link between the protected activity and the adverse employment decision." *Larmanger v. Kaiser Foundation Health Plan of the Northwest*, 895 F Supp. 2d. 1033, 1049 (D. Or. 2012).  Thus, at a minimum, Plaintiff must identify some adverse action that was connected to her alleged wage and hour complaint and must further identify some act on Ms. Lowe's part in furtherance of the adverse action and/or that is otherwise sufficient to constitute unlawful aiding and abetting.

Recently, in *Hernandez v. FedEx Freight, Inc.,* 2017 U.S. Dist. LEXIS 115404 (D. Or. June 12, 2017), Judge Sullivan applied general principles of tort law to identify the minimum pleading requirements for an aiding and abetting claim under ORS 659A.030(1)(g).  Specifically, Judge Sullivan noted that to establish liability for aiding an intentional tort, a plaintiff must establish that the party intended a tort to be committed, or understood that a tort would be

committed, when he aided the tortfeasor.[3]  Implicit in Judge Sullivan's analysis is that the alleged aider and abettor actually took some act in furtherance of the tort.  Judge Sullivan then went on to hold that ORS 659A.030(1)(g) requires *at a minimum* that the aiding party intended that the complainant be discriminated or retaliated against, or understand that he was aiding in acts of discrimination or retaliation." *Id.*

  In light of the minimum standard necessary to establish an aiding and abetting claim under ORS 659A.030(1)(g), the claim asserted against Ms. Lowe is not "plausible" on its face and not possible under Oregon law.  Again, Ms. Potter seeks to hold Ms. Lowe liable as an aider or abettor simply because she is a manager and covered, on occasion, for Ms. Stock.  Yet, there are *no* facts in the Complaint (and *no* evidence in the record) remotely suggesting that Ms. Lowe took any action to aid, abet, incite, or coerce an adverse employment action towards Plaintiff.  Further, the only allegation in the Complaint pertaining to Ms. Lowe that relates to Plaintiff's ORS 659A.199 claim is nothing more than a "formulaic recitation of the elements of the cause of action" and should be disregarded by the Court in evaluating whether Ms. Lowe was fraudulently joined.[4] *See*

---

[3] *See Hernandez,* 2017 U.S. Dist. LEXIS 115404, *8-9 *citing Ballard v. Albany*, 221 Or. App. 630, 641, 191 P.3d 679 (2008) ("It is possible to be held liable for battery under an 'aiding and assisting' theory, if a defendant participated in, aided or procured the battery, and acted with the requisite mental state of intending to cause harmful or offensive contact, or understanding that a tort will be committed by the other when he aids him."); *Gymnastics USA v. McDougal*, 92 Or. App. 453, 458, 758 P.2d 881 (1988) ("[A] person 'aiding' or 'assisting' must at least understand that a tort is being or will be committed by the other when he aids him."); *Doe ex rel. Christina H. v. Medford Sch. Dist. 549C*, No. 10-3113-CL, 2011 U.S. Dist. LEXIS 28213, 2011 WL 1002166, at *7 (D. Or. Feb. 22, 2011), *report and recommendation adopted*, No. CIV. 10-3113-CL, 2011 U.S. Dist. LEXIS 28281, 2011 WL 976463 (D. Or. Mar. 18, 2011) ("An individual defendant may be held liable for the intentional torts of another under an 'aiding and assisting' theory if the defendant participated in, aided, or procured the tort. The defendant must also have acted with the requisite mental state, that is, the defendant must either intend that the tort be committed, or at least understand that a tort is being or will be committed by the other when defendant aids him." (citations omitted)).

[4] The pleading standard *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544 (2007) *and Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) applies to a motion to remand. *See Allen v. Monsanto Company,* 2009 WL 426546 (N.D. Fla. 2009); *Tippen v. Republic Fire and Casualty Ins. Co.,* 2007 WL 4219352 (E.D. La. 2007) (merging the fraudulent joinder and 12(b)(6) analyses); *Positive Results Mktg. v. Buffalo-Lake Erie Wireless Sys. Co.,* 2008 U.S. Dist. LEXIS 39924

Page 9 – DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO REMAND

Jackson Lewis P.C.
200 SW Market Street, Suite 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405 (fax)

*Am. Compl.* at ¶ 40. (". . . Amanda Lowe aided, abetted, incited, compelled and/or coerced the illegal wage theft and retaliation for her good faith reports of conduct she believed to be illegal.")

Plaintiff does not specify an act of retaliation or discrimination connected to her wage and hour complaint nor does she describe Ms. Lowe's involvement in said act. Moreover, the only potential act of retaliation or discrimination identified in the Complaint is the termination of Plaintiff's employment in June of 2017. The undisputed and only facts in the record establish that Ms. Lowe was not involved in Plaintiff's termination. Plaintiff was released as part of a larger reduction in force wherein 32 LTS employees were eventually let go. Ms. Lowe played no role in the decision to release Plaintiff or the other LTS employees nor did Ms. Lowe provide input regarding Plaintiff's release.

In fact, Plaintiff's entire theory for naming Ms. Lowe as a defendant boils down to one thing — Ms. Lowe is a manager, not Plaintiff's manager, just a manager in general who happens to work in the same building as Plaintiff. Ms. Lowe's status as a manager for Seterus is simply insufficient to sustain an aiding and abetting claim. Instead, Plaintiff must allege facts or present evidence to establish that a claim against a non-diverse defendant is plausible on its face based on the facts in the Complaint or the evidence in the record. More than mere speculation is required to state a claim against an individual Defendant pursuant to ORS 659A.030(1)(g).

---

(M.D. Pa. 2008); *Bush v. Nationwide Mut. Fire Ins. Co.,* 2008 U.S. Dist. LEXIS 61039 (S.D. Miss. 2008). Thus, to establish the possibility of a claim against Ms. Lowe, Plaintiff must plead "enough facts to state a claim to a relief that is plausible on its face." *Twombly*, 550 U.S. at 555-556. A pleading that contains (1) labels and conclusions; (2) a formulaic recitation of the elements of the cause of action; or (3) "naked assertions" lacking further factual enhancement will not meet this standard. Further, while the Court must assume that all facts alleged in a complaint are true and view them in a light most favorable to the nonmoving party, it need not accept as true any legal conclusion set forth in the complaint. *Iqbal*, 556 U.S. at 678.

Page 10 – **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

**Jackson Lewis P.C.**
200 SW Market Street, Suite 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405 (fax)

In *Demont v. Starbucks Corp.,*[5] Judge Stewart found that three individual defendants were fraudulently joined based on the allegations of the amended complaint.[6] Further, Judge Stewart noted that allowing the prosecution of claims against employees under ORS 659A.030(1)(g) without sufficient factual basis may unnecessarily subject employees to the stress and expense of an unwarranted lawsuit. *Demont,* 2010 U.S. Dist. LEXIS 136929 at *12-13. Although Judge Stewart acknowledged that *Demont* may sue individual employees under ORS 659A.030(1)(g), Judge Stewart reviewed the factual allegations of the complaint to determine whether plaintiffs had actually stated a claim against each individual defendant. Notably, Judge Stewart concluded that two of the individual defendants were fraudulently joined based on the facts in the Complaint. *Id.* at *17-20. Like here, the plaintiffs in *Demont* failed to allege that the individual defendants were actually involved in any discriminatory conduct. The Court further rejected Demont's assertion that employees have an independent duty to report unfair employment practices to management or face liability for aiding and abetting. *Id* at *19-20.

Judge Stewart also concluded that a third defendant, Cochell, was also fraudulently joined. Cochell was the Human Resource Director who provided Demont with information regarding his employment when he requested it. *Id.* at *20-21. There were no other factual allegations in the complaint or otherwise to suggest that Cochell was involved in any discriminatory conduct. Judge

---

[5] *Demont v. Starbucks Corp.,* 2010 U.S. Dist. LEXIS 136929, 2010 WL 5173314 (D. Or. August 26, 2010) *adopted by, in part, Remanded by, Rejected by, in part, Costs and fees proceeding at, Request granted Demont v. Starbucks Corp.,* 2010 U.S. Dist. LEXIS 132987 (D. Or. Dec. 15, 2010)

[6] There were five individual defendants in *Demont v. Starbucks*. Although the Court found that three were fraudulently joined for purposes of the aiding and abetting claim, the Court ultimately remanded the case because there were sufficient factual allegations asserted against the remaining two defendants to show a "possibility" that the two remaining defendants could be found liable on some of the claims asserted in the Complaint. *Demont,* 2010 U.S. Dist. LEXIS 136929 at *21-22.

Stewart noted that such conduct, "by any stretch of the imagination," does not rise to the level of aiding and abetting unlawful discrimination and, therefore, concluded that Cochell was fraudulently joined. *Id* at *20-21.

The facts in this case are similar to those in *Demont*. Ms. Lowe was not involved in the decision to terminate Plaintiff's employment. Further, Ms. Lowe cannot be held liable for aiding and abetting wage and hour practices as noted above pursuant to the Court's holding in *Grosch* and the plain language of ORS 659.030(1)(g). In fact, none of the cases cited by Plaintiff support the proposition that a manager can be held liable under ORS 659A.030(1)(g) for simply being a manager. Indeed, many of the cases alleging a violation under ORS 659A.030 that are remanded in this District involve the "primary actor" doctrine. See *Chambers v. United Rentals, Inc.* 2010 U.S. Dist. LEXIS 69291, 2010 WL 27030944 (D. Or. July 7, 2010); *Gaither v. John Q. Hammons Hotels Mgmt., LLC,* 2009 US Dist. LEXIS 130491 (D. Or. September 3, 2009); *Demont v. Starbucks Corp.,* 2010 U.S. Dist. LEXIS 132987, 2010 WL 5173304 (D. Or. December 15, 2010). These cases are distinguishable and reveal the flaw in Plaintiff's argument because in each case the supervisor is alleged to have *carried out* the act of discrimination, which is simply not the case here. Plaintiff cannot establish liability based on Ms. Lowe's status as a manager and her presence should be disregarded for purposes of diversity jurisdiction.

> **D.    Plaintiff's Request for Attorney's Fees Should Be Denied Because Defendants' Had an Objectively Reasonable Basis for Removing this Case to Federal Court.**

Plaintiff's request for attorney's fees and costs should be denied. Although a court may award attorney fees when removal is wrong as a matter of law, the court has discretion to award fees. 28 U.S.C. § 1447 (c); *Ansley v. Ameriquest Mortg. Co.,* 340 F.3d 858, 864 (9th Cir. 2003).

Further, there is no presumption for or against awarding fees. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005). The Supreme Court has advised that the standard for awarding fees should turn on the reasonable of the removal. "Absent unusual circumstances, courts may award attorney's fees under 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 140-141.

For the reasons discussed above, Plaintiff's request for attorney's fees should be denied. The undisputed facts in the record show that Plaintiff has failed to state a cause of action for aiding or abetting a violation of Chapter 659A against Ms. Lowe and that failure is obvious where Plaintiff's sole basis for naming Ms. Lowe is that she is a manager and her alleged lack of leadership allowed wage and hour abuses to continue. Even if the Court concludes that removal was improper, Defendants had an objectively reasonable basis for removing this case to federal court and Plaintiff's request for attorney's fees should be denied.

## IV.    CONCLUSION

As discussed in detail above, Defendants respectfully request that the Court deny Plaintiff's Motion to Remand for two reasons. First, Plaintiff has failed to state a plausible claim against Ms. Lowe for aiding and abetting a violation of ORS Chapter 659A. Ms. Lowe's alleged "lack of leadership" and knowledge of Plaintiff's working conditions is insufficient to establish a violation of the aiding and abetting statute. Second, Oregon law does not recognize a claim for aiding or

/ / /

/ / /

abetting wage and hour violations covered by ORS Chapter 652 or 653. As such, there are no facts and no evidence suggesting that Ms. Lowe took any steps to further alleged discrimination or retaliation towards Plaintiff and Defendant has met its burden to establish fraudulent joinder.

DATED: November 7th, 2017.

                              JACKSON LEWIS P.C.

                              By: s/ *April Upchurch Fredrickson*
                                  April Upchurch Fredrickson, OSB #132027
                                  april.fredrickson@jacksonlewis.com
                                  Daniel J. Moses, OSB #151935
                                  daniel.moses@jacksonlewis.com
                                      Of Attorneys for Defendants

# DECLARATION OF SERVICE

I hereby certify that I served the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND** via:

- ☐ Electronic Mail
- ☐ U.S. Postal Service
- ■ CM/ECF
- ☐ Facsimile Service
- ☐ Hand Delivery
- ☐ Overnight Delivery (UPS)

Service was accomplished at the parties' email addresses as recorded on the date of service in the eFiling system.

    Banafsheh Violet Nazari
    Nazari Law
    319 SW Washington St. Ste. 301
    Portland, OR 97204
    violet@nazarilaw.com

    William E. Smith
    The Smith Law Office, P.C.
    7945 SW Mohawk St.
    Tualatin, OR  97062
    william@thesmithlo.com

    *Attorney for Plaintiff*

DATED this 7th day of November, 2017.

                        By:  s/ *Sherry Rainey*
                            Sherry Rainey

4815-4329-3265, v. 1